**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES                  )
                                  ) CR 16-168
                                  )
    v.

EDWARD TYRONE PETERS

**MEMORANDUM ORDER**

On September 11, 2020, Defendant filed a pro se Motion for compassionate release pursuant to 18 U.S.C. § 3582, which was later supplemented by appointed counsel.  His pro se Motion asserted high blood pressure, kidney problems, diabetes, a mild heart problem, and obesity.  The counseled supplement raises several arguments, but focuses on the fact that he is overweight and hypertensive. Defendant is presently housed at the medium security prison at FCI Gilmer.   According to the Government, his projected release date is December 27, 2023.

As an initial matter, the Government contends that Defendant's Motion should be denied for failure to exhaust.  It contends that his request for release related solely to his underlying medical conditions, and did not refer to COVID-19; thus, the Government asserts, the BOP did not have the opportunity to address COVID-19.  However, the BOP's response to his request for release clearly referred to COVID-19 and 18 U.S.C. § 3582(c)(1)(A).  Defendant's Motion will not be denied on exhaustion grounds. Cf. United States v. Davidson, No. 16-00139, 2020 U.S. Dist. LEXIS 150887, at *31 (W.D. Pa. Aug. 20, 2020).

In brief, a court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.

The CDC defines both hypertension and being overweight as conditions that "might" place a person at increased risk for complications from COVID-19. https://cdc.gov/coronavirus (accessed Feb. 11, 2021). Generally, hypertension alone does not constitute an extraordinary and compelling circumstance that justifies relief under Section 3582. United States v. Jacobs, No. 5-64, 2020 U.S. Dist. LEXIS 175477, at *2-3 (W.D. Pa. Sep. 24, 2020).  Instead, most cases where hypertension has been considered a significant risk factor "involve a defendant with pulmonary hypertension, or hypertension in connection with other cardiovascular, pulmonary, respiratory, or immunological conditions." United States v. Gray, No. 2:13-11, 2020 U.S. Dist. LEXIS 161973, at *13 (W.D. Pa. Sep. 4, 2020) (citing cases).  In terms of weight, "in general, courts have been reluctant to grant compassionate release based solely on obesity—let alone  overweight." United States v. Wiltshire, No. 11-310, 2020 U.S. Dist. LEXIS 231839, at *16 (E.D. Pa. Dec. 9, 2020). In similar situations, Courts within this District have found that obesity, even when combined with other health conditions, does not constitute extraordinary and compelling circumstances. See, e.g., United States v. Jimenez, No. 15-87, 2020 U.S. Dist. LEXIS 184455, at *5 (D.N.J. Oct. 5, 2020); United States v. Bolger, No. 20-308, 2020 U.S. Dist. LEXIS 231841, at *15 (E.D. Pa. Dec. 9, 2020).  Moreover, a generalized fear of contracting the virus is insufficient to warrant relief.  United States v. Harris, No. 97-399, 2020 U.S. Dist. LEXIS 245018, at *16-17 (E.D. Pa. Dec. 31, 2020).  Data regarding COVID-19's impact on African-Americans in this country, while disturbing, is likewise not grounds for relief.  Carlos M. D. v. Anderson, 460 F. Supp. 3d 535, 545 (D.N.J. 2020).

Here, there is no suggestion that Defendant is receiving inadequate care for his essential/primary hypertension, for which he receives medications. Defendant is overweight, rather than obese. Moreover, the records do not reflect a diagnosis of diabetes, although he was

diagnosed as pre-diabetic; the Court found no diagnosis of coronary artery disease or other

pertinent diagnoses in the portions of the record to which Defendant cites.  In addition, the Court

recognizes the also disturbing number of COVID-related deaths that have occurred at FCI

Gilmer.  However, there are currently 3 positive inmate and 5 positive staff cases at the facility

amongst a population of approximately 1400 inmates.  https://www.bop.gov/coronavirus/

(accessed Feb. 11, 2021).

   I empathize with and do not minimize Defendant's situation, or his fears of contracting

COVID-19 while incarcerated.  Nonetheless, I cannot find that extraordinary and compelling

reasons warrant his release at this juncture. Under the circumstances and the record before me, I

find that Defendant's original sentence remains sufficient, but not greater than necessary, to meet

all of the goals of sentencing. His Motion will be denied at this time. An appropriate Order

follows.

                            BY THE COURT:

                            _____

                            Donetta W. Ambrose, Senior Judge
                            United States District Court

Dated: February 12, 2021

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES      )
             ) CR 16-168
             )
  v.

EDWARD TYRONE PETERS

**ORDER**

   AND NOW, this 12th day of February, 2021, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motion for Release/Reduced Sentence [38] is DENIED.

       BY THE COURT:


       _Donetta F. Ambrose_
       _____

       Donetta W. Ambrose, Senior Judge
       United States District Court